# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL P. KLAHN, Sr,<br><br>            Plaintiff,<br><br>   v.<br><br>WASCO STATE PRISON, et al.,<br><br>            Defendants. | Case No. 1:16-cv-00342-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Docs. 10, 11, 13)** |

## I. INTRODUCTION

Plaintiff, Daniel P. Klahn, Sr., is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 27, 2017, the Complaint was screened and dismissed with leave to amend since it violated Federal Rules of Civil Procedure 8 and 18. (Doc. 8.) On February 12, 2017, Plaintiff filed a motion for reconsideration of the January 27, 2017 order. (Doc. 11.) For the reasons discussed below, Plaintiff's motion for reconsideration is DENIED.

## II. DISCUSSION

**A. Plaintiff Fails To Show New Evidence or Clear Error To Justify Reconsideration**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by

1

an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [ ] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

The Complaint in this action was dismissed because it violated Rules 8 and 18 of the Federal Rules of Civil Procedure. (Doc. 8.) The order set forth the legal standards to assist Plaintiff in framing his allegations in an amended pleading -- without any comment on his factual allegations. (*Id.*) Apparently, Plaintiff misconstrued the statements of legal standards in the screening order as criticizing his factual allegations, instead of having been provided for his guidance. Plaintiff's motion argues the merits of the factual basis for his claims and asserts that he is entitled to relief -- which was specifically *not* addressed in the order that dismissed the Complaint. This does not demonstrate new evidence, commission of clear error, or an intervening change in the controlling law upon which to find that Plaintiff's original Complaint

no longer violates Rules 8 and 18 so as to justify reconsideration. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the order dismissing the Complaint with leave to amend, that issued on January 27, 2017, to be supported by the record and proper analysis.

### III.  ORDER

Accordingly, it is **HEREBY ORDERED** that Plaintiff's motions for reconsideration, filed on February 13, 2017, (Doc. 11), is **DENIED** and Plaintiff's request to appear by telephone at the hearing on his motion for reconsideration, filed on March 1, 2017, (Doc. 14), is **DISREGARDED** since moot.[1]

IT IS SO ORDERED.

Dated:  **March 1, 2017**                                    /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is reminded that, per the First Informational Order, "[a]ll pre-trial motions will be submitted for decision based solely upon the written papers and without a hearing.  Local Rule 230(*l*).  Local Rule 230(*l*) sets out the schedule for briefing motions."  (Doc. 3, p. 5.)  Any further hearings that Plaintiff schedules in this action will be summarily vacated.