# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL P. KLAHN, Sr,<br><br>Plaintiff,<br><br>v.<br><br>WASCO STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:16-cv-00342-SKO (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT CLAIM AGAINST DR. SEITZ**<br><br>**(Doc. 13)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## INTRODUCTION

**A.  Background**

Plaintiff, Daniel P. Klahn, Sr., is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. As discussed below, Plaintiff has stated a cognizable claim for deliberate indifference to his serious medical need in violation of the Eighth Amendment against Dr. Seitz and may be able to correct the deficiencies in his pleading on other claims. Plaintiff may either file a second amended complaint correcting the deficiencies, or advise the Court that he is willing to proceed only on the cognizable claim.

**B.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges"). Plaintiff's Complaint violates Rule 8 for the latter, as he apparently has chosen to detail everything that he feels went wrong during his ninety-day incarceration at Wasco State Prison.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a second amended complaint, Plaintiff should make it as concise as possible in **no more than twenty-five (25) pages**. Plaintiff should state which of his constitutional rights he believes were violated by each Defendant and the facts that support each contention. Plaintiff need not and should not cite legal authority for his claims in a first amended complaint. If Plaintiff files a second amended complaint, his factual allegations will be screened under the legal standards and authorities set forth in this order.

### 2. Federal Rule of Civil Procedure 18(a) & 20(a)(2)

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, all claims against an opposing party. However, Plaintiff may not bring unrelated

claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. deliberate indifference to different medical issues) does not necessarily make claims related for purposes of Rule 18(a); nor are Plaintiff's claims related because he believes the Warden, or other supervising personnel, failed to properly train or supervise all of the allegedly culpable actors.

Claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal. Plaintiff is cautioned that if the second amended complaint sets forth improperly joined claims, the Court will determine which claims may proceed and which claims will be dismissed. *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013). Whether any claims will be subject to severance by future order will depend on the viability of the claims stated in the second amended complaint.

### 3. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere

conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief against each defendant. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

## **DISCUSSION**

### A.   **Plaintiff's Allegations**

Plaintiff, who has been released, complains of acts that occurred at WSP during the ninety (90) days he was incarcerated at that facility.   Plaintiff names WSP Warden John N. Katavich; R. Sietz, D.D.S.; A. Klang, M.D.; and "R&R Corrections Officer (Doe 1-female)" as the defendants in this action. Plaintiff alleges that (1) his rights to due process were violated when a number of his personal items and legal documents were disposed of when he initially arrived at WSP (Doc. 13, pp. 5-10, 20-21); (2) his rights under the Eighth Amendment were violated when he did not receive proper treatment for a cracked, infected tooth (*id.*, pp. 11-13, 17-20); and (3) his rights under the Americans with Disabilities Act ("ADA") were violated when he was placed in housing which exposed him to mold since he is a diabetic and was classified "Restricted -- Cocci Area 1" (*id.*, pp. 14-17, 21-22). As discussed below, Plaintiff has stated a cognizable claim for violation of his rights under the Eighth Amendment related to his cracked, infected tooth.

However, Plaintiff may be able to cure the defects in his pleading to state other cognizable claims. Thus, he is given the legal standards for his delineated claims and one final opportunity to amend his pleadings, or he may advise the Court that he wishes to proceed only on his Eighth Amendment claim against Dr. Seitz.

### B.     Legal Standards

#### 1.     Due Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974), but the procedural component of the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Rather, the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

Plaintiff has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of his personal property, intentional or negligent, by a state employee since a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff also alleges that Doe 1's destruction of his possessions violated various sections of Title 15 of the California Code of Regulations. However, the existence of regulations such as those governing the conduct of prison employees does not necessarily entitle plaintiff to bring a civil action to enforce the regulations or to sue for damages based on the violation of the regulations. The Court has found no authority to support a finding that there is an implied private

right of action under Title 15 and Plaintiff has provided none. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff fails to state any claims upon which relief may be granted based on the violation of Title 15 regulations.

Finally, it is possible that Plaintiff intended to state a claim for violation of his right to access to the courts, based on the loss of his legal paperwork. However, although he was previously provided detailed legal standards for such a claim, (Doc. 8, pp. 8-9), Plaintiff fails to show frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002). Thus, Plaintiff fails to state a cognizable claim against Doe 1 for the destruction of his personal property and legal paperwork following his arrival at WSP.

### 2. Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc)). For screening purposes, Plaintiff's fractured and infected tooth is accepted as a serious medical need.

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing of: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*; *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

Plaintiff alleges that Dr. Seitz conducted his exam "through the nurse" and that Dr. Seitz

ordered that his tooth be extracted. Plaintiff also alleges that, as part of CDCR's dental policy, extraction was the only treatment offered and that Dr. Seitz directed that Plaintiff not receive medication for pain or the infection since he would not consent to the extraction. As a result, Plaintiff alleges he had swelling from the infection and was in pain for fourteen days which made it difficult for him to chew food. These allegations state a cognizable Eighth Amendment claim against Dr. Seitz for deliberate indifference to his serious medical condition.

Plaintiff also alleges that Dr. Klang later saw Plaintiff in a medical capacity and examined Plaintiff's mouth. Dr. Klang agreed that Plaintiff had an infection, but indicated that he could not prescribe Plaintiff medication since it was a dental issue. Though these limited allegations demonstrate that Dr. Klang was aware of Plaintiff's tooth infection, Plaintiff fails to show that, as a medical doctor, Dr. Klang had the authorization to prescribe medication or treatment for a dental issue. When resolving a claim under the Eighth Amendment against individual defendants, causation must be resolved via "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) *citing with approval Williams v. Bennett*, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party. One may be callously indifferent to the fate of prisoners and yet not be liable for their injuries. Those whose callous indifference results in liability are those under a duty -- possessed of authority and means -- to prevent the injury.") Thus, Plaintiff fails to state a cognizable claim under the Eighth Amendment against Dr. Klang.

### 3. Americans with Disabilities Act ("ADA")

Plaintiff alleges that, while at WSP, he was housed in a cell which exposed him to mold. On June 10, 2014, Plaintiff became unsteady walking and began having dizziness with standing, sitting, and lying down. (Doc. 13, p. 14.) Plaintiff submitted a slip to see a physician and was seen by Dr. Klang a little over a week later. (*Id.*) Dr. Klang gave Plaintiff an ear wash and advised him it was likely due to an ear infection or an extreme wax build-up. (*Id.*) Plaintiff explained that his cell was opposite the showers, it was damp, and that it had mold as did the

bathrooms. (*Id.*) Dr. Klang responded that there was nothing he could do about cell conditions and advised Plaintiff to file a complaint. (*Id.*) Approximately ten days later, Plaintiff complained about the mold to a correctional officer who told Plaintiff "not my problem, the inmates clean the dorms." (*Id.*) Plaintiff agrees that inmates cleaned the dorms, but alleges that they did not have adequate equipment to clean mold. (*Id.*) Plaintiff wrote a "CDCR 22" to the Warden about the condition, but received no response. (*Id.*) Plaintiff "was additionally classified 'Restricted-Cocci Area1'" which he alleges prohibited his placement in WSP and any facility within the area endemic for Cocci. (*Id.*) Plaintiff was nonetheless left at WSP for ninety days. (*Id.*) Upon Plaintiff's transfer to the California Treatment Facility in Soledad, California on August 29, 2014, all of his symptoms ceased. (*Id.*)

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." *Lowell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132; *see also Lowell*, 303 F.3d at 1052 (to establish violation of Title II of ADA, Plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability), *cert. denied*, 537 U.S. 1105 (2003). Although the term "public entity" includes state prisons, it does not include individuals such as the defendants in this action. *See Pennsylvania Dept. Of Corrections v. Yeskey*, 524 U.S. 206 210 (1998) (state prisons fall squarely within statutory definition of "public entity"); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (a plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA), *cert. denied*, 537 U.S. 1104, (2003); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (no personal liability under Title II of ADA), *cert. denied*, 531 U.S. 1190 (2001); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc) (a plaintiff

cannot sue government actors in individual capacities for the alleged violations of the ADA). Accordingly, Plaintiff's claim is not cognizable against defendants in their individual capacities.

Additionally, treatment, lack of treatment, or misdiagnosis of Plaintiff's condition as a common cold does not provide a basis upon which to impose liability. *Burger v. Bloomberg*, 418 F.3d 882 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of the ADA); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Aside from Defendants' medical treatment decisions of which Plaintiff complains and which are not an appropriate basis upon which to predicate an ADA claim, Plaintiff alleges no facts to show that any named Defendant participated in, or was otherwise responsible for, excluding him from numerous activities, programs, and benefits available to him. Nor does Plaintiff's housing at WSP show any such exclusion. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights under Title II of the ADA.

### 4. Supervisory Liability

As stated in the prior screening order, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Liability by a supervisor for "knowledge and acquiescence" in subordinates' wrongful discriminatory acts is likewise not cognizable. *Id.* "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state such a claim, a plaintiff must allege facts that show supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the

policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). An unconstitutional policy cannot be proved by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985). Here, a single incident establishes a "policy" only when the decision-maker has "final authority" to establish the policy in question. *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986).

Further, "discrete wrongs – for instance, beatings – by lower level Government actors . . . if true and if condoned by [supervisors] could be the basis for some inference of wrongful intent on [the supervisor's] part." *Iqbal*, 556 U.S. at 683. The Ninth Circuit has held that, where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based on the supervisor's knowledge of and acquiescence in unconstitutional conduct by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). A fundamental premise of this form of liability requires that the actions or inaction by subordinate staff amount to a cognizable claim for violation of a plaintiff's constitutional rights and that the supervisorial defendant had knowledge of all such conduct. Plaintiff fails to state any allegations to show that any supervisory defendant had knowledge of conduct which resulted in the violation of his civil rights.

### 5. Inmate Appeals

As set forth in the previous screening order, the Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right

only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

However, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011). Such knowledge and acquiescence may be shown via the inmate appeals process where the supervisor was involved in reviewing Plaintiff's applicable inmate appeal and had the ability, but failed, to take corrective action, thereby allowing the violation to continue. However, such involvement in processing or reviewing an inmate appeal based on one incident is insufficient. A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law permits actions against supervisors under section 1983 so long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a

federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991) (internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

Thus, if a plaintiff complains of actions by prison personnel in an inmate appeal that state a cognizable claim against the prison personnel involved, which is processed or ruled on by their supervisor and which the supervisor fails to help rectify or prevent from occurring, a cognizable claim may be stated by showing that the supervisor knowingly refused to terminate those acts by his subordinates. Plaintiff fails to show such knowledge and acquiescence by any of the defendants in this action.

## ORDER

Plaintiff is given the choice to file a second amended complaint, or to proceed on the claim found cognizable against Dr. Seitz for deliberate indifference in violation of the Eight Amendment based on Plaintiff's cracked, infected tooth. Plaintiff must either notify the Court of his decision to proceed on these cognizable claims, or file a second amended complaint within **twenty-one (21) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

If Plaintiff chooses to file a second amended complaint, he must demonstrate how the

conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supercedes all prior complaints filed in an action. *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must either:
   a. file a second amended complaint curing the deficiencies identified by the Court in this order, or

15

       b.      notify the Court in writing that he does not wish to file a second amended complaint and wishes to proceed only on the Eighth Amendment claim against Dr. Seitz for deliberate indifference to his fractured and infected tooth, as identified by the Court as cognizable in this order, dismissing all other claims and Defendants; and

4. **If Plaintiff fails to comply with this order, he will be allowed to proceed only on the claim found cognizable herein and all other claims and Defendants will be dismissed with prejudice**.

IT IS SO ORDERED.

Dated: **August 24, 2017**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE