# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL P. KLAHN, Sr, <br><br> Plaintiff, <br><br> v. <br><br> WASCO STATE PRISON, et al., <br><br> Defendants. | Case No. 1:16-cv-00342-JLT (PC) <br><br> **FINDINGS AND RECOMMENDATIONS FOR ACTION TO PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DR. SEITZ AND TO DISMISS ALL OTHER CLAIMS AND DEFENDANTS** <br><br> **(Doc. 17)** <br><br> **21-DAY DEADLINE** <br><br> **CLERK TO ASSIGN A DISTRICT JUDGE** |

In this action, the plaintiff complains of various events that occurred while in custody. He asserts that his personal property was destroyed, he did not received appropriate dental care and was housed in a cell that exposed him to mold, among other complaints. Though he has stated a cognizable claim for deliberate indifference to his serious medical need in violation of the Eighth Amendment, no other claims are cognizable.

**B.** **<u>Screening Requirement</u>**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### C. **Summary of the Second Amended Complaint**

Plaintiff has been released but complains of acts that occurred at WSP during the ninety days he was incarcerated there. Plaintiff names WSP Warden John N. Katavich; R. Sietz, D.D.S.; A. Klang, M.D.; and "R&R Corrections Officer (Doe 1-female)" as the defendants in this action. Plaintiff alleges that his rights to due process were violated when a number of his personal items and legal documents were disposed of when he initially arrived at WSP (Doc. 13, pp. 5-10, 20-21); that his rights under the Eighth Amendment were violated when he did not receive proper treatment for a cracked, infected tooth (*id.*, pp. 11-13, 17-20); and that his rights under the Americans with Disabilities Act ("ADA") were violated when he was placed in housing which

2

exposed him to mold since he is a diabetic and was classified "Restricted -- Cocci Area 1" (*id.*, pp. 14-17, 21-22). As discussed below, Plaintiff has stated a cognizable claim for violation of his rights under the Eighth Amendment against Dr. Seitz in relation to his infected tooth. However, none of his other claims are cognizable. It appears that Plaintiff is unable to cure the deficiencies of his other claims such that they should be dismissed with prejudice.

### D. **Pleading Requirements**

#### 1. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d

1202, 1205-08 (9th Cir. 2011).

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

### E. Claims for Relief

#### 1. Due Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974), but the procedural component of the Due Process Clause is not violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Rather, the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

Plaintiff has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of his personal property, intentional or negligent, by a state employee since a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff also alleges that Doe 1's destruction of his possessions violated various sections of Title 15 of the California Code of Regulations. However, the existence of regulations such as

these governing the conduct of prison employees does not necessarily entitle plaintiff to sue civilly for enforcement or for damages based on the violation of the regulations. The Court has found no authority to support a finding that there is an implied private right of action under Title 15 and Plaintiff cites to none. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff fails to state any claims upon which relief may be granted based on the violation of Title 15 regulations.

### 2. Access to Court

Finally, it appears that Plaintiff intended to state a claim for violation of his right to access to the courts, based on the loss/destruction of his legal paperwork for the "several civil suits stemming from the closure of his Quizno's Franchise" which Plaintiff alleges he was involved in when he was incarcerated. (Doc. 17, pp. 10-11.). However, though previously provided detailed legal standards for such a claim, (Doc. 8, pp. 8-9), Plaintiff fails to show frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).

Further, as stated in the first screening order, Plaintiff does not have a fundamental right of access to the courts from the frustration or hindrance of any and all legal claims. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey,* 518 U.S. 343, 355 (1996). Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original). Thus, Plaintiff fails and is unable to state a cognizable claim against Doe 1 for the confiscation and destruction of his legal paperwork for his civil suits stemming from the closure of his Quizno's Franchise. Likewise, Plaintiff fails and is unable to state a cognizable claim against Appeals Coordinators R. Gonzalez and F. Feliciano for

not processing Plaintiff's inmate grievances[1] to prevent the destruction of that legal paperwork. Finally, Plaintiff is also unable to state a cognizable claim against Warden Katavich for having notice, but failing to intervene to prevent confiscation and disposal of Plaintiff's legal documents for his various civil actions.

### 3. Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

---

[1] As also stated in the first screening order, actions taken in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under § 1983. *Buckley v. Barlow*, 997 F.3d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

7

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*; *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

For screening purposes, the Court assumes that Plaintiff's fractured and infected tooth is a serious medical need. Plaintiff alleges that Dr. Seitz conducted his exam "through the nurse" and that Dr. Seitz ordered that that the tooth must be extracted. Plaintiff also alleges that, as part of CDCR's dental policy, extraction was the only treatment offered and that Dr. Seitz directed that Plaintiff not receive medication for pain or the infection since he would not consent to the extraction. As a result, Plaintiff alleges he had swelling from the infection and was in pain for fourteen days making it difficult for him to chew food, which caused his diabetes to flare, and the

8

infection spread resulting in extraction of two teeth and subsequent bridges/implants, instead of just the original one. During this time, when Plaintiff submitted a second slip to be seen, Dr. Seitz called Plaintiff to dental, but "left him in an outdoor cage" and refused to see him when Plaintiff declined to sign the form authorizing tooth extraction. When Plaintiff refused the extraction, the nurse informed him that any further requests he submitted to see the dentist would be denied. These allegations state a cognizable Eighth Amendment claim against Dr. Seitz for deliberate indifference to his serious medical condition.

Plaintiff also alleges that Dr. Klang, a physician, later saw Plaintiff and examined his mouth. Dr. Klang agreed that Plaintiff had an infection, but indicated that he could not prescribe medication since it was a dental issue. Though these limited allegations show that Dr. Klang was aware that Plaintiff had a tooth infection, Plaintiff fails to show that, as a medical doctor, Dr. Klang had the authorization to prescribe medication or treatment for a dental issue. When resolving a claim under the Eighth Amendment against individual defendants, causation must be resolved via "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) *citing with approval Williams v. Bennett*, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party. One may be callously indifferent to the fate of prisoners and yet not be liable for their injuries. Those whose callous indifference results in liability are those under a duty -- possessed of authority and means -- to prevent the injury.")

Plaintiff's allegations that "a reasonable medical doctor" in Dr. Klang's position "would have prescribed an antibiotic for the infection' indicates the true nature of Plaintiff's claim against Dr. Klang -- for negligence/medical malpractice. Plaintiff's difference of opinion as to what Dr. Klang should have done for him is insufficient to state a cognizable Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Thus, Plaintiff fails to state a cognizable claim under the Eighth Amendment against Dr. Klang for not treating Plaintiff's dental infection.

Plaintiff also alleges that Dr. Klang negligently prescribed an ear wash as a solution to

Plaintiff's symptoms of dizziness, constant and severe cough, and worsening trouble breathing -- this despite Plaintiff informing Dr. Klang "of a visible mold problem surrounding his bunk in the dorm" and Plaintiff's high risk of contracting the cocci virus[2] given his age and diabetes. (Doc. 17, pp. 5-6.) Plaintiff filed another request to be seen for his continuing and worsening symptoms and Dr. Klang examined him a second time. Plaintiff asked Dr. Klang to examine the swelling of his face and tooth, which Dr. Klang did, but reiterated that he was prohibited by CDCR policy from prescribing medication or any treatment for it since it was a dental issue. Plaintiff alleges what "a reasonable medical doctor" would have done, but states that Dr. Klang "was convinced" that Plaintiff's symptoms (aside from those connected with his infected tooth) were due to excess earwax which would eventually lessen if Plaintiff repeatedly washed his ear with the solution provided. (*Id.*)

Though these allegations show Plaintiff's disagreement with Dr. Klang's treatment, they do not show that Dr. Klang knew that Plaintiff's condition required specific treatment (other than the ear wash) and purposefully prescribed the ear wash anyway. From Plaintiff's allegations it is clear that Dr. Klang was attempting to treat what he believed to be the cause of Plaintiff's symptoms. Though this might equate to negligence or medical malpractice, it does not show that Dr. Klang purposefully prescribed what he knew to be the wrong treatment or failed to respond to Plaintiff's pain and medical need. *Wilhelm*, 680 F.3d at 1122. Further, Plaintiff fails to show any harm that was caused by Dr. Klang's treatment, or lack thereof. *Id.* Plaintiff thus fails to state a cognizable deliberate indifference claim under the Eight Amendment against Dr. Klang.

**4.     Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.

---

[2] Notably, Plaintiff does *not* allege that he contracted the cocci virus (i.e. Valley Fever). Moreover, there is no evidence or factual allegation that Valley Fever can be contracted from mold. Rather, it is contracted from spores released from dirt.

10

2000) (quotation marks and citations omitted).  To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions of confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard*, 887 F.2d at 137.  Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise -- for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson*, 501 U.S. at 304-05(comparing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners otherwise confined in small cells almost 24 hours per day), with *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (outdoor exercise not required when prisoners otherwise had access to dayroom 18 hours per day)).  To say that some prison conditions may interact in this fashion is far from saying that all prison conditions are a "seamless web" for Eighth Amendment purposes. *Id.* Amorphous "overall conditions" cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.  *Id.*  Further, temporarily unconstitutional conditions of confinement do not necessarily rise to the level of constitutional violations. *See*

*Anderson*, 45 F.3d 1310, *ref. Hoptowit*, 682 F.2d at 1258 (*abrogated on other grounds by Sandin*, 515 U.S. 472 (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered)). Thus, Plaintiff's factual allegations as to the conditions he was subjected during his confinement on management cell/ASU must be evaluated to determine whether they demonstrate a deprivation of a basic human need individually or in combination.

Subjectively, if an objective deprivation is shown, a plaintiff must show that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." *Wilson*, 501 U.S. at 303; *Labatad*, 714 F.3d at 1160; *Johnson*, 217 F.3d at 733. Again, "[d]eliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060, requiring a showing that the prison official was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists," drew that inference, *Id.* at 1057, and failed to take corrective action. "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff alleges that Warden Katavich knew of the mold surrounding the area of Plaintiff's bunk bed and along the wall in his section of the dorm but ignored Plaintiff's request to rectify it and other conditions (officers leaving milk and fruit outside the patio sitting on the ground for long periods as punishment for noise at meal time and no "proper cleaning supplies" for inmates to properly clean the restroom and showers). (Doc. 17, pp. 7-8.) Plaintiff alleges that Warden Katavich was "directly notified" of the conditions within Plaintiff's dorm when Plaintiff "filed a complaint with the Fresno County Health Department." (Doc. 17, p. 7.) However, WSP is not in Fresno County. Thus, there is no support for the assertion that this complaint would have given Warden Katavich notice of the conditions. Plaintiff also fails to indicate the date that

he filed this complaint, or that he contemporaneously had a courtesy copy of any such complaint delivered to Warden Katavich.

Plaintiff also alleges that "a written CDCR form was sent three different times address (sic) to the Warden." (Doc. 17, p. 7.) Despite being informed that his allegations must supply essential factual elements of his claims, *Bruns.*, 122 F.3d at 1257, Plaintiff failed to specify what CDCR forms were sent to the warden by whom, what dates they were sent, and which objectionable conditions of confinement were raised in each. General, vague allegations such as stated by Plaintiff about the written CDCR forms being thrice sent to the warden (Doc. 17, 7) or that he "was given specific written information of violations by his staff," (*id.*, p. 9) or that he "knew of the violations" (*id.*) fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Plaintiff's allegations do not show that Warden Katavich received notice and was aware of the conditions Plaintiff complains of in this action and failed to take corrective action.

### 5. Inmate Appeals

As stated in the both prior screening orders, the Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis

for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996). Plaintiff thus fails and is unable to state cognizable claims against Appeals Coordinators K. Gonzalez and F. Feliciano for their involvement in the handling and processing of his inmate appeals.

"[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011). Such knowledge and acquiescence may be shown via the inmate appeals process where the supervisor was involved in reviewing Plaintiff's applicable inmate appeal and had the ability, but failed to take corrective action so as to allow the violation to continue. However, such involvement in processing or reviewing an inmate appeal based on one incident is necessarily insufficient. A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991) (internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly

14

refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

Thus, if a plaintiff complains of actions by prison personnel in an inmate appeal that state a cognizable claim against the prison personnel involved, which is processed or ruled on by their supervisor and the supervisor fails to take actions to address the issue, a cognizable claim *might* be stated by showing that the supervisor knowingly refused to terminate those acts by his subordinates. As discussed under the various legal standards above, Plaintiff fails to show such knowledge and acquiescence by any of the defendants in this action.

### 6. State Law Claims

Plaintiff peppers the Second Amended Complaint with various forms of the word "negligence," which sounds in state law claim. As stated in the first screening order, (Doc. 8, pp. 13-14), the California Government Claims Act ("CGCA"), set forth in California Government Code sections 810 et seq., prohibits a plaintiff from bringing suit for monetary damages against a public employee or entity unless the claim was first presented to the California Victim Compensation and Government Claims Board, and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior*

*Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn. omitted).

Federal courts likewise must require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff fails to state any allegations which show he complied with the CGCA upon which to be allowed to pursue claims for violations of California law in this action.

## **CONCLUSION & RECOMMENDATION**

Plaintiff's Second Amended Complaint states cognizable deliberate indifference claim against Dr. Seitz upon which he should be allowed to proceed. However, none of the rest of Plaintiff's claims are cognizable such that all other claims and Defendants should be dismissed. Given that Plaintiff has been twice provided the pleading and legal standards for his claims, it appears the deficiencies in Plaintiff's pleading are not capable of cure through amendment making subsequent leave to amend futile and unnecessary. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, based on the foregoing, the Court RECOMMENDS:

1. This action be allowed to proceed on Second Amended Complaint on Plaintiff's deliberate indifference claim against Defendant R. Seitz, DDS related to the plaintiff's broken/infected tooth;
2. All other claims and defendants should be dismissed with prejudice; and
3. The Clerk of the Court is directed to assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 15, 2018**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE